FILED
SUPERIOR COURT
OF GUAM

2025 AUG 20 PM 2: 05

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER A. TORRES, ELAINE D. ULLOA Executrix of the Estate of Steven L. Ulloa, and LISA ULLOA,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAMORRO EQUITIES, INC. ROBERT V. ULLOA, GERALD D. HARTWICK, and KENNETH E. THOMPSON,<br><br>Defendant. | CIVIL CASE NO. CV0379-22 |
| CHAMORRO EQUITIES, INC.,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. TORRES, ELAINE D. ULLOA Executrix of the Estate of Steven L. Ulloa, and LISA ULLOA,<br><br>Counterclaim-Defendants. | **Decision and Order**<br>*Re: Defendants Robert V. Ulloa, Gerald D. Hartwick and Kenneth E. Thompson's Motion for Summary Judgment* |

This matter came before the Honorable Arthur R. Barcinas on May 13, 2025 for a hearing on Defendants Robert V. Ulloa, Gerald D. Hartwick and Kenneth E. Thompson's (collectively, "CEI Officers") Motion for Summary Judgment ("Motion"), filed on September 3,

2024. Present at the hearing were Attorney Braddock Huesman, for Plaintiffs Christopher A. Torres, Steven L. Ulloa, and Lisa Ulloa (collectively, "Plaintiffs"); Attorney Bill R. Mann, for Defendant and Counterclaim-Plaintiff Chamorro Equities, Inc. ("CEI"); and Attorney Mitchell F. Thompson for the CEI Officers.

## BACKGROUND

CEI is a closely held Guam corporation with share transfer restrictions codified in Article 5.1 of its Articles of Incorporation. On February 28, 2022, and March 11, 2022, respectively, Plaintiff Torres entered into agreements with Plaintiffs Steven and Lisa Ulloa to purchase their CEI shares. CEI contends that neither of the Ulloas tendered their shares to CEI prior to the execution of the agreements, as required under Article 5.1.

Upon receiving notice of the transaction, CEI, via Defendant Robert Ulloa, objected to the sale on the basis that it violated CEI's right of first refusal under Article 5.1. The CEI Board subsequently adopted resolutions certifying Defendant Ulloa and the other CEI Officers' actions and authorizing indemnification of said actions. Plaintiff Torres then sued, asserting causes of action against the CEI Officers for tortious interference with contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Torres also sought a permanent injunction compelling the transfer of shares.

On September 3, 2024, the CEI Officers filed the instant Motion, seeking judgment as a matter of law on all claims asserted against them by Plaintiff. On September 27, 2024, Plaintiffs filed their opposition to the Motion, arguing that the CEI Officers intentionally interfered with valid contracts for the sale of shares that CEI misapplied Article 5.1 to block the transfer unfairly. On October 14, 2024, the CEI Officers filed their reply, maintaining that they acted properly under Article 5.1, that their actions were ratified by the CEI Board, and that they had

no duty to Plaintiff Torres. They further argued that there was no valid contract between the Plaintiffs and no evidence of improper conduct.

On May 13, 2025, the Court took the matter under advisement.

## DISCUSSION

Under Rule 56 of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The court must view the evidence and draw inferences in the light most favorable to the non-moving party *Edwards v. Pacific Financial Corp.*, 2000 Guam 27.

Under Guam law, a claim for tortious interference with contract requires the existence of a valid and enforceable contract, knowledge by the defendant, intentional acts to disrupt the contract, actual disruption, and resulting damages. *Lujan v. J.L.H. Trust*, 2016 Guam 24 ¶ 30. A contracting party generally has no cause of action against the other party for conspiring to breach their own contract or for wrongfully interfering with their own contract, as the tort cause of action for interference only lies against outsiders to the contract. *Id.* ¶ 31. "In the corporate context, 'ownership and control of an entity do not by themselves relieve a defendant from tort liability for interfering with the entity's contracts, and agents of corporations can be held liable," but "[t]he determination of liability centers on whether the owner, director or manager was acting to protect the interests of the entity." *Id.* ¶ 38. Corporate fiduciary duties are generally owed to the corporation and not to individual shareholders with respect to their personal shares. *Id.* ¶ 20.

The CEI Officers assert that the Court's March 6, 2025 Decision and Order, which held that CEI was not obligated to recognize the disputed share transfers under Article 5.1, precludes a finding of liability against them. The Court disagrees. The Court's prior ruling only addressed CEI's contractual obligations and defenses. It did not address whether the CEI Officers, in their personal capacities, acted within the bounds of the law when they interfered with the transaction or whether they may be held liable for breach of fiduciary duties.

The standards governing corporate liability and officer liability are distinct. Even if CEI was legally justified in rejecting the share transfer, the CEI Officers may still be subject to liability if they acted beyond the scope of their authority, acted in bad faith, or acted with an improper motive. The Court's previous finding for CEI thus does not indicate that the Officers' actions were legally privileged or otherwise insulated from scrutiny in this matter.

The CEI Officers invoke their status as managing officers as a defense to Plaintiff's tortious interference claim, asserting that the tort cause of action for interference only lies against outsiders to the contract. Motion, at 7 (citing *Lujan*, 2016 Guam 24 ¶ 31). They further argue that corporate officers are generally not liable for interference with a contract if they act in good faith to protect the interest of the corporation. *Id.* (citing *Halvorsen v. Aramark Uniform Servs., Inc.*, 77 Cal.Rptr.2d 383, 388 (1998). However, *Halvorsen* also holds that where a manager's privilege is not absolute, "the trier of fact must determine whether there is a proper motive ... and, in some cases, whether the proper motive predominates over an improper motive." *Id.*

The CEI Officers have not provided sufficient proof that their privilege is absolute. To the contrary, their argument that they are insulated from liability if they act in good faith speaks to their actions being contingent upon motive. Per *Halvorsen*, this creates a genuine issue of

material fact that the Court cannot resolve as a matter of law, and thus the CEI Officers are not entitled to summary judgment on the tortious interference claim.

In regard to the breach of fiduciary duty claims, Plaintiff has asserted in his Third Party Complaint that the CEI Officers breached their fiduciary duty by allegedly acting in their own self-interests and not consulting the CEI Board or seeking its authority. The CEI Officers argue that they owed no fiduciary duty to Plaintiff as an individual shareholder. While corporate officers generally owe duties only to the corporation itself, not to individual shareholders, exceptions exist in the context of closely held corporations, where shareholders often occupy dual roles as officers or directors. *See Ngirangesil v. Kim*, 2021 Guam 28 (highlighting the intertwined nature of parties who are both shareholders and officers of a closely held corporation).

Within such an interrelated corporate structure, situations may arise where majority shareholders can exercise control in ways that could harm minority shareholders, potentially giving rise to fiduciary liability. Even where parties "were acting as directors, not majority shareholders, they still owed certain fiduciary duties" and "a director's use of control of a corporation to obtain an advantage that is not available to all stockholders, without regard to the detriment to minority stockholders and without a compelling business purpose is inconsistent with directors' duty of good faith and inherent fairness to minority stockholders." *NTD Architects v. Baker*, 950 F.Supp.2d 1151, 1158 (S.D. Cal. 2013). "As a general rule, corporate decisions which reflect the management's 'business judgment' will not be disturbed by the courts in the absence of fraud or bad faith [...] In certain limited situations, however, management actions which injure minority shareholders will be held to violate management's

fiduciary duties unless a 'compelling business reason' for the actions can be shown." *Shivers v. Amerco*, 670 F.2d 826, 832 (9th Cir. 1982).

Plaintiff Torres alleges that the Officers acted not simply to enforce corporate policy, but to exclude a fellow shareholder from acquiring a greater interest, thereby consolidating personal or familial control. While the ultimate merit of those allegations may be contested, they do raise legitimate concerns under the fiduciary standards applicable to closely held corporations. Accordingly, the Court cannot conclude as a matter of law that the Officers' conduct was consistent with their fiduciary obligations, or whether the Officers exercised their discretion for a proper purpose on in a manner unfairly prejudicial to Plaintiff Torres.

Finally, the Officers assert that Plaintiff's claim for injunctive relief fails as a matter of law. However, injunctive relief is a remedy, not a stand-alone cause of action. Whether such relief is appropriate depends on the resolution of the underlying legal claims and the equities present. Nothing in the Court's March 6, 2025 Decision precludes the availability of injunctive relief against the Officers, should Plaintiff ultimately prevail on his claims.

The Court found that CEI had no obligation to honor the share purchase agreements because the right of first refusal under Article 5.1 was never triggered. However, that decision does not necessarily preclude Torres's broader claims for equitable relief against the Officers based on their alleged conduct in blocking the transfer for improper reasons.

Where the contracts between Plaintiffs may be unenforceable as to CEI, Plaintiff Torres's claims against the Officers do not depend solely on contract enforcement, but sound in tort and equity. Thus, if the Officers are found to have disrupted the transaction with improper motive, Torres may be entitled to equitable relief that would prevent the Officers from interfering with a renewed or lawful future transfer.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the CEI Officers' Motion for Summary Judgment.

**IT IS SO ORDERED** _____ AUG 2 0 2025 _____

_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**